1  DANIEL A. HOROWITZ    SBN 92400
   P.O. Box 1547
2  Lafayette, CA 94549
   (925) 283-1863
3  Email: bdega@earthlink.net

4  Attorney for plaintiffs
   BOWEN BETHARDS, by and through
5  his Guardian Ad Litem, Laureen A. Bethards and
   LAUREEN A. BETHARDS

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10  BOWEN BETHARDS, by and            No. **C12-03191**
    through his Guardian Ad Litem,
11  Laureen A. Bethards and           **COMPLAINT FOR DAMAGES**
    LAUREEN A. BETHARDS              **FOR VIOLATION OF CIVIL**
12                                    **RIGHTS (42 U.S.C. Section 1983)**
                                      **AND FOR STATE CAUSES OF**
13                                    **ACTION; AND PETITION FOR**
                                      **WRIT OF MANDAMUS**
14              Plaintiffs,           **PURSUANT TO CALIFORNIA**
                                      **EDUCATION CODE §§ 49066,**
15  v.                                **49069, 49070, 49071**

16                                    **JURY TRIAL REQUESTED**

17  PEGGY CARLOCK; TED
    BARONE, MARLA
18  STEPHENSON, ALBANY
    UNIFIED SCHOOL DISTRICT and
19  DOES 1-10,

20              Defendants.
    _____/
21

22                   INTRODUCTION

23      This action arises out of the penalization of plaintiff Bowen Bethards for

24  attending a court hearing at 1:30 p.m. on May 27, 2011 in Department 8 of the

25  Contra Costa County Superior Court, the Honorable Judge John F. Kennedy

26  presiding.  Plaintiffs BOWEN BETHARDS, appearing by and through his

27  guardian ad litem Laureen A. Bethards, and plaintiff LAUREEN A. BETHARDS,

28  hereby allege against defendants PEGGY CARLOCK; TED BARONE, MARLA

                            1

                       Complaint.wpd

1   STEPHENSON and ALBANY UNIFIED SCHOOL DISTRICT as follows:

2

3                                    JURISDICTION

4       1.      This Court is a Court of original subject matter jurisdiction as to all

5   civil actions arising under the Constitution, laws or treaties of the United States.

6   Plaintiff's claims under 42 U.S.C.A. § 1983 arise under the Constitution and laws

7   of the United States, and thus this Court has original subject matter jurisdiction

8   pursuant to 28 U.S.C. § 1331.

9                                       VENUE

10      2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) (1) and

11  (2), in that defendant Albany Unified School District has offices and agents in, and

12  does business in Albany, California, and thus resides in this District, and the acts

13  giving rise to this claim occurred in this District.

14                                     PARTIES

15      3.      Plaintiffs BOWEN BETHARDS, and LAUREEN BETHARDS, are

16  residents of Alameda County.   Plaintiffs were residents of Contra Costa County

17  during the times stated herein.

18      4.      Plaintiff Laureen A. Bethards is a natural person.  Plaintiff Bowen

19  Bethards is a minor, appearing by and through his guardian ad litem, Laureen A.

20  Bethards.

21      5.      Plaintiffs are informed and believe and thereon allege that defendants

22  PEGGY CARLOCK; TED BARONE and MARLA STEPHENSON are natural

23  persons.   Plaintiffs are informed and believe that defendant ALBANY UNIFIED

24  SCHOOL DISTRICT (hereinafter "AUSD"), is a governmental entity, with its

25  principal place of business located in Albany, California, County of Alameda.

26      6.      Plaintiffs are informed and believe and thereon allege that defendant

27  PEGGY CARLOCK,  (hereinafter "CARLOCK"), was at all relevant times a

28  teacher at Albany High School, which is governed by the Albany Unified School

                                         2

1   District, Albany California, County of Alameda.

2       7.      Plaintiffs are informed and believe and thereon allege that defendant

3   TED BARONE (hereinafter "BARONE"), was at all relevant times the principal of

4   Albany High School, which is governed by the Albany Unified School District,

5   Albany California, County of Alameda.

6       8.      Plaintiffs are informed and believe and thereon allege that defendant

7   MARLA STEPHENSON (hereinafter "STEPHENSON"), was at all relevant times

8   the Superintendent of the Albany Unified School District, Albany California,

9   County of Alameda.

10      9.      Plaintiff is informed and believes and thereon alleges that defendants

11  DOES 1 through 10, inclusive, are fictitious names of defendants whose true

12  names and capacities are at this time unknown to plaintiff.  Plaintiff is informed

13  and believes and thereon alleges that each defendant so designated was the officer,

14  director, shareholder, employer, employee, agent and/or other representative of

15  named defendants, and that each defendant so designated is responsible in whole

16  or in part for the damages suffered by plaintiff.

17      10.     Plaintiff is informed and believes and thereon alleges that defendants

18  and each of them, were acting as the agent, servant, or employee of each other and

19  were acting within the scope of their respective employment, with the full

20  knowledge and consent, either express or implied, of each of the other named

21  defendants.

22              FACTS RELATING TO ALL CAUSES OF ACTION

23      11.     Plaintiffs have complied with any and all applicable governmental

24  claims statutes.  A true and correct copy of plaintiff Bowen Bethards

25  Governmental Claim filed on November 30, 2011, is attached hereto as Exhibit "B

26  1-5".  A true and correct copy of defendants denial of the claim, dated January 13,

27  2012, is attached as Exhibit "C".

28

3

Complaint.wpd

12. Plaintiff Bowen Bethards was, at all relevant times, a student at defendant Albany Unified School District high school, Albany High. Plaintiff Bowen Bethards was in his fourth year as a student with the Albany Unified School District, and was in his Sophmore year at high school.

13. Plaintiff Bowen Bethards was, at all relevant times, striving to earn a grade point average sufficient to qualify to attend pre-medical college programs at the University of California Los Angeles and/or University of California San Diego. Plaintiffs Bowen Bethards and Laureen Bethards are informed and believe that colleges rank students according to their grade point averages during their Sophmore and Junior years of high school. Plaintiffs are also informed and believe that scholarships are based on merit, and are directly affected by a student's grade point average (GPA).

14. Plaintiffs are informed and believe that defendant Carlock was aware, at all relevant times, of the aspirations of plaintiff Bowen Bethards, and of the particular relevance of Sophmore and Junior performance for college admissions purposes. Plaintiffs are also informed and believe that defendant Carlock was aware, at all relevant times, that a "C+" in chemistry would effectively destroy plaintiff Bowen Bethards' chances of being accepted to either of his two colleges of choice, as well as his chances of getting a scholarship to attend to the programs of his choice.

15. As of May 27, 2011, the second to last week of plaintiff Bowen Bethards' Sophmore year at Albany High, Bowen Bethards had earned an A+, (approximately 106% grade overall), in his second semester chemistry class. Plaintiff's have repeatedly requested, but have never received, a true and correct copy of the grade book reflecting his overall grade in the spring semester Chemistry class as of May 27, 2011. Attached as Exhibit "D" is a true and correct copy of plaintiff Bowen Bethards' gradebook, printed April 26, 2011, the only printout possessed by plaintiffs at this time.

4

Complaint.wpd

16. Plaintiff Bowen Bethards earned an "A" in chemistry the first semester, fall semester, in the chemistry class taught by defendant Carlock.

17. Not including the disputed grade for the spring semester chemistry class, plaintiff Bowen Bethards earned straight "A"'s, save for one "B+" semester grade in Spanish, during his Sophomore year at Albany High School. A true and correct copy of plaintiff Bowen Bethards' Transcript for the Fall and Spring 2010-2011 school year dated July 21, 2011 is attached as Exhibit "E".

18. Plaintiff Bowen Bethards did not return to Albany High School following the events stated herein. For his Junior year of high school, Bowen Bethards attended Berkeley High School in Berkeley, California. He has received 12 "A" semester grades as is reflected in his Berkeley High Grade Book dated June 18, 2012, a true and correct copy of which is attached hereto as Exhibit "F". Six of these semester courses were in "advanced placement," hereinafter referred to as "AP" courses, for which students receive a weighted grade point average, or "GPA," of 5, giving plaintiff Bowen Bethards a weighted overall GPA of 4.5 for his junior year.

19. On May 27, 2011, at approximately 1:30 p.m., plaintiffs BOWEN BETHARDS and LAUREEN A. BETHARDS attended an adoption finalization hearing in Department 8 of the Contra Costa County Superior Court, the Honorable Judge John F. Kennedy presiding. The hearing was to finalize the adoption of Bowen's adopted sibling, Bianca B., adopted daughter of plaintiff Laureen A. Bethards, and adopted sister of plaintiff Bowen Bethards. Attached as Exhibit "A" is a true and correct copy of a photograph taken during the adoption hearing which shows plaintiffs Bowen Bethards and Laureen Bethards, and the rest of their family, with Judge John F. Kennedy.

20. As a result of attending the adoption finalization hearing, plaintiff Bowen Bethards, was unable to attend the one (1) chemistry class scheduled for May 27, 2011, during which the class performed one lab. Prior to attending the

1    hearing, plaintiffs Bowen Bethards notified defendant Carlock of the anticipated

2    absence. Plaintiff Laureen Bethards notified the attendance office at Albany High

3    School per their stated policies and procedures at that time, which required

4    parents to call the school's attendance office and notify them of the time and

5    reason for the absence.

6        21.     Per plaintiff Bowen Bethards' pre-arrangement with defendant

7    Carlock, plaintiff Bowen Bethards was to be allowed to make up the lab upon his

8    return on the next school day, which was May 31, 2011.

9        22.     On May 31, 2011, plaintiff Bowen Bethards went to defendant

10    Carlock during the lunch hour to make up the missed lab per their pre-arranged

11    agreement. At that time, defendant Carlock informed plaintiff Bowen Bethards

12    that she was not going to allow him to make up the one (1) missed lab, and that

13    she was instead going to fail him. The delivery of this news was intended, and in

14    fact caused, immediate and severe physical and emotional injury to plaintiff

15    Bowen Bethards. Defendant Carlock knew that plaintiff Bowen Bethards was

16    particularly vulnerable insomuch as Bowen Bethards was  scheduled to take his

17    final Chemistry examination THE NEXT DAY, being June 1, 2011.

18        23.     On or about that same day, May 31, 2011, plaintiff Laureen A.

19    Bethards complained to defendants Carlock and Barone regarding the unlawful,

20    arbitrary, and capricious behavior of defendant Carlock. Plaintiff Laureen

21    Bethards later that same day appeared in person to complain to a female assistant

22    Vice-Principal regarding defendant Carlock's refusal to allow plaintiff Bowen

23    Bethards to make up the missed lab. When plaintiff Laureen A. Bethards

24    explained the urgency of the situation, and the extreme emotional distress being

25    caused to plaintiff Bowen Bethards as a result of defendant Carlock's actions,

26    plaintiff Laureen A. Bethards was stonewalled, told that her son, Bowen Bethards'

27    emotional distress was her problem, and when she complained further about the

28    administrations seeming indifference, she was threatened with being ejected by

Complaint.wpd

1  from the premises by school security.

2      24.      After being stonewalled by the female Vice-Principal, plaintiff

3  Laureen Bethards immediately went to defendant Ted Barone's office  to lodge a

4  formal complaint regarding the actions of defendant Carlock and to seek

5  resolution of the matter.   Defendant Barone assured plaintiff Laureen Bethards

6  that the May 27, 2011 absence was excused, and that plaintiff Bowen Bethards

7  would be allowed to make up the missing lab, or in the alternative, that the May

8  27, 2011 lab would not be factored into his final grade.

9      25.      Contrary to these assurances, defendant Carlock not only failed

10  plaintiff Bowen Bethards on the one missed lab, but gave him an overall grade of

11  "F" for labs for the semester.  Defendant Carlock further failed plaintiff Bowen

12  Bethards on his final examination, so as to deny him the A+ he had earned in the

13  class overall as of May 27, 2011, and instead mark him as having earned a C+ for

14  the semester.  These actions were taken with the intent to harm him both

15  immediately and in his college aspirations, were unlawful, taken in bad faith, were

16  unreasonable, capricious and malicious.  Said actions were taken with the

17  knowledge and consent of defendants Barone, Stephenson and the Albany Unified

18  School District, and/or were condoned and ratified by defendants and each of

19  them.

20      26.      Defendants and each of them, owed plaintiff Bowen Bethards, per the

21  rights guaranteed to students under California Education Code section 48205 et

22  seq., the right to either make up the missing work, and/or not be penalized for his

23  attendance at the May 27, 2011 court hearing.  Failure to ensure compliance with

24  the California Education Code were designed to, and did, penalize plaintiff Bowen

25  Bethards assertion of his right to access the courts.

26      27.      Defendants Ted Barone, Marla Stephenson, and Albany Unified

27  School District failed to provide plaintiff with procedural and substantive due

28  process.  Had they done so, plaintiff Bowen Bethards' grades would never have

7

Complaint.wpd

1  been threatened or impacted.  Further, plaintiff would have had a procedural
2  method of establishing the wrongful nature of the conduct of defendant's and each
3  of them.

4      28.    Defendant Carlock's actions in refusing to allow plaintiff Bowen
5  Bethards to make up the missed lab, a right guaranteed under California Education
6  Code section 48205, and the threat to fail him, caused immediate and severe
7  emotional and physical pain and distress to plaintiffs Bowen Bethards and Laureen
8  Bethards.

9      29.    Defendants have failed to have or implement reasonable policies
10  and/or procedures with regards to denial of student rights under the California
11  Education Code, thus depriving students of their due process rights.   Instead of
12  reasonably intervening to resolve the issue, defendants Barone, Stephenson and
13  Albany Unified School District compounded the injury and harm to plaintiff
14  Bowen Bethards by requiring the traumatized minor plaintiff to deal directly with
15  defendant Carlock.

16      30.    Per the mandate of defendant Barone, plaintiff Bowen Bethards met
17  with defendant Carlock on or about June 1, 2011.  Defendant Carlock informed
18  plaintiff Bowen Bethards during this meeting that she knew that he was the source
19  of recent complaints, and intimidated and harassed plaintiff Bowen Bethards for
20  exercising his rights by letting plaintiff Bowen Bethards know that he was
21  defenseless in that school Administration would protect Carlock, not him.  This
22  meeting took place shortly before plaintiff Bowen Bethards was scheduled to take
23  his final chemistry examination, the timing of which was intended to, and did,
24  particularly traumatize plaintiff Bowen Bethards.

25      31.    On or about June 2, 2011, plaintiff Laureen A. Bethards met with
26  and informed defendant Barone of defendant Carlock's actions on June 1, 2011.
27  Defendant Barone was advised that the minor plaintiff Bowen Bethards was
28  suffering extreme physical and emotional upset as a result of defendant Carlock's

Complaint.wpd

1  actions, and that defendant Carlock's actions had created an untenably hostile
2  educational environment for plaintiff Bowen Bethards' who was overcome with
3  anxiety and fear of retaliation.

4      32.   Defendant Barone assured plaintiff Laureen A. Bethards that
5  administration was overseeing the matter and that plaintiff Bowen Bethards would
6  be afforded his educational rights and would not be penalized for attending court,
7  or for complaining to administration about the unlawful, arbitrary, capricious and
8  malicious behavior of defendant Carlock.

9      33.   On or about June 2, 2011, plaintiff Bowen Bethards was required to
10  meet privately with defendant Carlock to work out a "plan" for making up the
11  missed lab. Defendant Carlock insisted that plaintiff Bowen Bethards perform
12  unpaid labor, to wit, defendant Carlock insisted that plaintiff Bowen Bethards
13  grade defendant Carlock's student class papers. A date and time was scheduled
14  for performing this unpaid labor.

15      34.   Plaintiff Bowen Bethards appeared as scheduled to engage in the
16  unpaid labor; was kept waiting by defendant Carlock, and was deliberately and/or
17  negligently prevented from completing any grading tasks by defendant Carlock's
18  failure to provide the necessary grading matrix. No additional opportunities were
19  provided to plaintiff Bowen Bethards to make up the missed lab or grade papers,
20  nor was any indication given to plaintiff Bowen Bethards that he had not fulfilled
21  all improvised requirements for making up the missed lab.

22      35.   On or about June 23, 2011, plaintiff Laureen A. Bethards accessed the
23  school website "Aries" and discovered that Carlock had, willfully, deliberately,
24  maliciously, fraudulently, unlawfully, and/or in bad faith, and without good cause,
25  arbitrarily and capriciously, penalized claimant for his excused absence on May
26  27, 2011, by factoring into his final chemistry grade a loss of points from the
27  missed lab, giving claimant no points for his time and effort expended to make up
28  the lab and grade papers as requested, and instead, failing him in labs for the

9

Complaint.wpd

1  semester (25% of grade). Plaintiff Laureen A. Bethards further discovered that
2  defendant Carlock failed plaintiff Bowen Bethards on his final examination,
3  (plaintiffs are informed and believe that on June 23, 2011, plaintiff Bowen
4  Bethards' final exam grade was recorded on the "Aries" computer website as
5  approximately 86 out of 167 points. Plaintiffs are informed and believe that the
6  final grade was subsequently re-recorded without explanation as 121 out of 167
7  points), bringing his final spring semester chemistry grade down from the A+
8  earned as of May 27, 2011 to a final grade of C+. A true and correct copy of a
9  grade book dated September 8, 2011 is attached as Exhibit "G".

10      36.    Plaintiff Laureen A. Bethards suffered extreme emotional and
11  physical hardship upon accessing this database and discovering the actions of
12  defendant Carlock.

13      37.    On or about June 23, 2011, and multiple times subsequent thereto,
14  plaintiffs Bowen Bethards and Laureen A. Bethards requested in writing that they
15  be given access to plaintiff Bowen Bethards' educational papers, including any
16  and all chemistry lab work for the semester, and the allegedly failed final
17  examination. These requests were ignored, and at no time have plaintiffs been
18  given access to the chemistry papers and exams.

19      38.    On or about January 31, 2012, plaintiff Laureen A. Bethards was
20  informed by defendant Marla Stephenson that plaintiff Bowen Bethards' final
21  examination could not be found. Plaintiffs are informed and believe that
22  defendant Carlock deliberately and maliciously hid and/or destroyed plaintiff
23  Bowen Bethards' examination so as to deprive plaintiffs access to plaintiff Bowen
24  Bethards' educational records as guaranteed under California Education Code §§
25  49061 et seq., to prevent any examination or evaluation of the actions of defendant
26  Carlock,  and to deprive plaintiff Bowen Bethards of his other educational rights
27  as guaranteed to him, including the right to the A+ he had earned for the semester.
28      39.    Defendants further conspired with each other to prevent liability to

Complaint.wpd

1  the District by failing to document, address, and correct the wrongs done to
2  plaintiff and instead, to protect the wrongful conduct and to cover up that
3  wrongful conduct by labeling the dispute a "he said, she said" matter.

4      40.    Defendants and each of them knew that defendant Carlock had a long
5  history of unlawful and abusive behavior directed toward students, parents and
6  staff.

7      41.    Defendants and each of them failed to discipline, monitor, train or
8  otherwise regulate or control the behavior of Carlock both with respect to her
9  abuse of plaintiff and her abuse of others over the years.

10     42.    In so doing, defendants and each of them, established a policy and
11 practice of condoning and encouraging unlawful conduct, causing plaintiffs and
12 others to be deprived of their civil rights, including but not limited to plaintiff
13 Bowen Bethards' right to an earned grade, and to procedural and substantive due
14 process, and to effectively deny plaintiff Bowen Bethards his right to access the
15 courts.

16     43.    These wrongs were done under color of state and local law and
17 authority.

18                        FIRST CAUSE OF ACTION
19                     (VIOLATION OF CIVIL RIGHTS
20                          42 U.S.C. § 1983)

21     44.    Plaintiffs incorporate as though fully set forth herein paragraphs 1
22 through 43.  By their acts and omissions, defendants and each of them,
23 intentionally caused damage to plaintiffs.

24     45.    At all times stated herein, defendants Peggy Carlock, Ted Barone,
25 Marla Stephenson, and the Albany Unified School District defendants acted with
26 callous indifference to the civil rights of plaintiff Bowen Bethards.  Defendants
27 Barone, Stephenson, and the Albany Unified School District failed to adopt and
28 implement procedures necessary to ensure access to the educational rights

1  guaranteed students under California Education Code § 48205, et seq.  Defendants
2  Barone, Stephenson and the Albany Unified School District acted with callous
3  indifference to the due process, procedural and substantive rights of plaintiff
4  Bowen Bethards; failed to provide a reasonable procedure to plaintiff Bowen
5  Bethards in the resolution of his dispute regarding denial of his educational rights,
6  and instead, gave defendant Carlock unfettered discretion to implement or not
7  implement plaintiff Bowen Bethards' rights guaranteed under Education Code §
8  48205 according to defendant Carlock's whim and fancy.

9      46.    At all times stated herein, defendants Barone, Stephenson and the
10 Albany Unified School District knew or reasonably should have known that their
11 actions and/or failure to act would violate plaintiff Bowen Bethards constitutional
12 rights, his freedom from retaliation for the exercise of those rights, and impaired
13 his right to access the courts.  Defendants, and each of them, further acted with
14 callous indifference to plaintiff Bowen Bethards' physical and emotional well-
15 being; required the minor plaintiff to deal directly and alone with defendant
16 Carlock, despite the complaints of plaintiffs Bowen Bethards and Laureen A.
17 Bethards of retaliation, intimidation, and harassment; and allowed defendant
18 Carlock's actions to create a hostile educational environment.

19     47.    Defendants Barone, Stephenson, and the School District intentionally
20 and/or negligently failed to adequately supervise Carlock, despite having been put
21 on notice of her failure to comply with Education Code section 48205; her threats
22 to retaliate against plaintiff for complaints lodged with the school; and an
23 extensive prior history of complaints regarding defendant Carlock's arbitrary and
24 capricious actions towards students during her tenure at Albany Unified School
25 District. Defendants, and all of them, left Carlock unsupervised, resulting in
26 immediate and direct harm to plaintiff Bowen Bethards, to the creation of a hostile
27 educational environment, to intimidation and retaliation; and to the deprivation of
28 procedural and substantive due process rights.

48. Moreover, defendants and each of them, allowed defendant Carlock to extort unpaid labor from plaintiff Bowen Bethards in exchange for educational opportunities, in violation of California Child Labor laws.

49. The conduct of defendants and each of them was "arbitrary, or conscience shocking, in a constitutional sense." *Collins v. City of Harker Heights*, Texas, 503 U.S. 115, 128 (1992);

50. Defendants deprived plaintiff of his due process rights in that:

A. He possessed a constitutionally protected property interest in a grade that he earned at school.

B. He was deprived of that interest without due process of law.

C. Such deprivation was condoned, perpetuated and allowed by all defendants.

51. Plaintiff's due process property interests are created by "existing rules and understandings that stem from school rules, district rules, state law and other rules and understandings that provide benefits to students who earn them and prevent arbitrary and capricious discrimination against students on any basis.

52. Plaintiff has further been denied due process in that "a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Loudermill*, 470 U.S. at 542.

## SECOND CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

53. Plaintiffs incorporate as though fully set forth herein paragraphs 1 through 52. By their acts and omissions, defendants and each of them, intentionally caused damage to plaintiffs.

54. Defendants, and each of their, actions and/or inactions were taken with prior notice of claimant's particular vulnerability to emotional distress, his particular vulnerability as a minor, and his vulnerability as a future college applicant. These actions were further taken at a time that defendants Carlock and

Complaint.wpd

1   Barone were aware of plaintiff Bowen Bethards' vulnerability in that his mother,
2   plaintiff Laureen A. Bethards, advised defendant Barone that she was leaving the
3   country, and was relying on Barone's supervision to assure claimant was protected
4   from defendant Carlock and afforded his educational rights.

5       55.    Defendants Barone, Stephenson, and the Albany Unified School
6   District have intentionally and/or negligently ratified and condoned the hostile
7   educational environment created by defendant Carlock, and an ongoing
8   environment of intimidation and fear created by Carlock.  Defendants had prior
9   notice of a history of arbitrary and capricious actions towards students by
10  defendant Carlock.  Defendant Carlock was nonetheless allowed to intimidate and
11  cow students.  This ongoing atmosphere of fear and intimidation was knowingly
12  allowed to persist.  Despite having had prior notice of such acts, defendants, and
13  each of them, ratified and condoned the hostile educational environment created
14  by defendant Carlock by failing to take appropriate action to prevent, mitigate, or
15  otherwise correct this hostile environment, and/or by failing and/or implement
16  reasonable grievance procedures and policies to ensure the implementation of the
17  educational rights guaranteed to all students.

18              THIRD CAUSE OF ACTION
19            (NEGLIGENT INFLICTION OF HARM)

20      56.    Plaintiffs incorporate as though fully set forth herein paragraphs 1
21  through 55.  By their acts and omissions, defendants and each of them, negligently
22  caused damage to plaintiffs.

23      57.    Defendants and all of them negligently violated the Education Code
24  requirement by failing to provide, pursuant to multiple written requests beginning
25  on or about June 23, 2011, access to claimant's educational papers and writings
26  substantiating Carlock's grade, including, but not limited to, a copy of the
27  allegedly failed final examination, any and all of claimant's educational
28  documents and laboratory papers and notes demonstrating Bowen's "A"

14

Complaint.wpd

1  performance on all prior labs over the course of the semester.

2                          FOURTH CAUSE OF ACTION

3                            (LIBEL AND SLANDER)

4       58.    Plaintiffs incorporate as though fully set forth herein paragraphs 1

5  through 57.  By their acts and omissions, defendants and each of them,

6  intentionally and negligently caused damage to plaintiffs.

7       59.    Defendants, and each of their, actions further intentionally and

8  negligently were the proximate cause of injury to claimant's reputation, academic

9  standing, future college admissions, scholarships and employment opportunities.

10  Defendants, and each of them, continue to libel and harm claimant by falsely

11  reporting claimant's performance in the chemistry class.

12                          FIFTH CAUSE OF ACTION

13              (INTENTIONAL INTERFERENCE WITH ECONOMIC

14                                ADVANTAGE)

15      60.    Plaintiffs incorporate as though fully set forth herein paragraphs 1

16  through 59.  By their acts and omissions, defendants and each of them,

17  intentionally and negligently caused damage to plaintiffs.

18      61.    Defendants, and each of their, actions further intentionally and

19  negligently were the proximate cause of injury to claimant's reputation, academic

20  standing, future college admissions, scholarships and employment opportunities.

21  Defendants, and each of them, continue to harm plaintiffs by falsely reporting

22  claimant's performance in the chemistry class.

23              PETITION FOR ADMINISTRATIVE MANDAMUS

24      62.    Plaintiffs incorporate as though fully set forth herein paragraphs 1

25  through 61.

26      63.    Defendant Carlock's assignment of a chemistry grade to plaintiff

27  Bowen Bethards was done arbitrarily and capriciously, and was not based on

28  educational performance as required by law.   Despite repeated written requests for

                                       15

                                  Complaint.wpd

1  a copy of plaintiff Bowen Bethards' chemistry papers, defendants and each of

2  them, have failed to provide any documentation to support the assignment of a

3  grade, and now claim that the final examination cannot be found.

4      64.   On or about August 11, 2011, plaintiffs Bowen Bethards and Laureen

5  A. Bethards, made a formal written request that plaintiff Bowen Bethards be

6  allowed to make up the missed May 27, 2011 lab, and that plaintiff Bowen

7  Bethards be allowed to retake any alleged failed final examination in a non-hostile

8  educational environment.   Attached as Exhibit "H 1-4" is a true and correct copy

9  of that request.   Defendant Stephenson acknowledged receipt of that request on

10  August 22, 2011. A true and correct copy of Stephenson's acknowledgment is

11  attached as Exhibit "I".   These reasonable requests were denied.  A true and

12  correct copy of  Stephenson denial letter dated October 7, 2011 is attached as

13  Exhibit "J".)

14      65.   On or about November 28, 2011, plaintiffs Bowen Bethards and

15  Laureen Bethards made a written request that the Board empanel a hearing panel

16  to evaluate the issues relating to plaintiff Bowen Bethards' performance in

17  defendant Carlock's class.   A true and correct copy of plaintiff's letter dated

18  November 28, 2011 is attached as Exhibit "K".

19      66.   On or about January 31, 2012, defendant Stephenson informed

20  plaintiffs that plaintiff Bowen Bethards' chemistry final examination was

21  unavailable.  In response to that revelation, plaintiffs requested on or about

22  February 4, 2012, that the missed May 27, 2011 lab and the final examination

23  grade be deleted from the final chemistry grade book and that plaintiff Bowen

24  Bethards be awarded his A+ as earned.  True and correct copies of email

25  correspondence between defendant Stephenson and plaintiffs is attached as

26  Exhibit "L 1-4".)  This request was denied.

27      67.   Defendants actions, and each of them, has denied plaintiff Bowen

28  Bethards of due process in the determination of his grade, and have resulted in the

1  arbitrary, capricious, and unsubstantiated lowering of his earned "A+" to a "C+",

2  and after filing of the government claim, to a "B".   Plaintiffs hereby request that

3  this Court grant a writ of administrative mandamus, and order that the missed lab

4  and final examination be stricken from plaintiff Bowen Bethards' academic record

5  and that his earned "A+" be reinstated.

6       WHEREFORE, plaintiff prays for judgment as set forth below.

7       As to the First through Fifth Causes of Action:

8      1. For general and special damages in a sum according to proof;

9      2. For reasonable attorney fees pursuant to statute;

10      3. For costs of suit incurred herein;

11      4. For such other and further relief as this Court deems just and appropriate.

12       As to the Petition For Administrative Mandamus:

13      1. For an order striking the missed lab and final examination from the

14         Chemistry grade book pertaining to plaintiff Bowen Bethards and that

15         his earned "A+" be reinstated.

16      2. For reasonable attorney fees pursuant to statute;

17      3. For costs of suit incurred herein;

18      4. For such other and further relief as this Court deems just and appropriate.

19  Dated: June 19, 2012

20                   DANIEL A. HOROWITZ

21

22

23

24

25

26

27

28

17

Complaint.wpd



RECEIVED NOV 3 0 2011

November 30, 2011

## GOVERNMENT CLAIM AGAINST THE ALBANY UNIFIED SCHOOL DISTRICT, SUPERINTENDENT MARLA STEPHENSON PRINCIPAL TED BARONE AND TEACHER MS. CARLOCK

(a)  *The name and post office address of the claimant:*

Bowen Bethards

1071 Euclid Avenue, Berkeley, CA 94708

(510) 898-1911

(b)  *The post office address to which the person presenting the claim desires notices to be sent.*

1071 Euclid Ave., Berkeley CA 94708

(c)  *The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.*

Factual summary:   On May 27, 2011, claimant was an "A" chemistry student the entire year.  Claimant missed *ONE* chemistry class to attend a court hearing the second to last week of classes.  He was assured by Ms. Carlock prior to missing the class that he would be able to make up the work when he returned.  When claimant met with Carlock over the lunch hour the next school day as pre-arranged to make up the lab, Carlock said she had already packed everything up and would be failing him.  Claimant's mother complained to the school.  A female vice-principal threatened to have the mother removed from the school by security. Claimant's mother immediately thereafter met with defendant Barone who assured her that claimant would be allowed to make up the missing lab and/or would not be otherwise penalized for his excused absence.

Claimant is informed and believes that Carlock found out about claimant's mother's complaint and the actions of the Vice-Principal, as on or about the next school

1

Exhibit "B-1

day, Carlock gloated to claimant that she knew he was the source of the recent complaints and that Administration was there to protect her, not him. Claimant's mother informed Barone of Carlock's actions on or about June 2, 2011, claimant's fear of Carlock, and claimant's fear of retaliation. Barone assured claimant's mother that the matter would be handled. With these assurances, claimant's mother left the country as she had disclosed to Barone she was scheduled to do the next morning.

Claimant met and spent considerable time with Carlock to make up the missing lab. Instead of allowing claimant to make up the lab or perform any educational tasks, Carlock told claimant he could work grading papers. A date and time was scheduled for performing this unpaid labor. Claimant appeared as scheduled; was kept waiting by Carlock, and was deliberately and/or negligently prevented from completing any grading tasks by Carlock's failure to provide the necessary grading matrix. No additional opportunities were provided to claimant to make up the missed lab or grade papers, nor was any indication given to Claimant that he had not fulfilled all improvised requirements for making up the missed lab. As this was now finals week, claimant completed his finals and the school year ended.

On or about June 23, 2011, claimant discovered that Carlock had, willfully, deliberately, maliciously, fraudulently, in bad faith, and without good cause, arbitrarily and capriciously, penalized claimant for his excused absence by factoring into his grade a loss of points from the missed lab, giving claimant no points for his time and effort expended to make up the lab and grade papers as requested, thus failing him in labs (25% of grade) for the semester as a result thereof, despite his "A" performance on all other labs over the course of the semester, failing him on his final examination (claimant is informed and believes that on that date his final exam was recorded on the Aries computer website as approximately 86 out of 167 points), and lowering claimant's "A" grade to a final grade of "C+." Claimant first discovered these libelous and malicious actions over the internet on or about June 23, 2011, when his final grades were first accessed on the Albany Unified School District's Aries website.

These actions were taken following complaints made to school officials regarding defendant Carlock's refusal to allow claimant to make up work from an excused absence. These actions were taken despite verbal assurances made to claimant's mother on or about June 2, 2011, that Carlock would be supervised and that claimant would not be penalized for his excused absence, nor retaliated against by Carlock for the complaints made against Carlock. These unsupervised actions were taken despite Barone having been advised by claimant's mother, at their June 2, 2011 meeting, of claimant's

2

Exhibit "B-2"

intimidation and fear of Carlock, and his fear of retaliation.

Defendants Barone, Stephenson, and the School District intentionally and/or negligently failed to adequately supervise Carlock, despite having been put on notice of her failure to comply with Education Code section 48205, her threats to retaliate against claimant for complaints lodged with the school, and an extensive prior history of similar complaints against Carlock during her tenure at Albany Unified School District. Defendants, and all of them, left Carlock unsupervised, resulting in the deprivation to claimant of those rights guaranteed under Education Code section 48205. Moreover, defendants and all of them, with prior knowledge, and ratification, allowed defendant Carlock to unlawfully require claimant to perform unpaid labor in violation of California Child Labor laws, as a precondition of obtaining the benefits of Education Code section 48205.

Defendants actions and/or inactions were taken with prior notice of claimant's particular vulnerability to emotional distress, his particular vulnerability as a minor, and his vulnerability as a future college applicant. These actions were further taken at a time that Carlock and Barone were aware of claimant's vulnerability in that claimant's mother had advised Barone that she was leaving the country, and was relying on Barone's supervision to assure claimant was protected and afforded his educational rights.

Defendants actions further intentionally and/or negligently caused injury to claimant's reputation, academic standing, future college admissions, and employment opportunities. Defendants, and each of them, continue to libel and harm claimant by falsely reporting claimant's performance in the chemistry class.

Further, Defendants and all of them intentionally and/or negligently violated the Education Code requirement by failing to provide, pursuant to multiple written requests beginning on or about June 23, 2011, access to claimant's educational papers and writings substantiating Carlock's grade, including, but not limited to, a copy of the allegedly failed final examination, any and all of claimant's educational documents and laboratory papers and notes demonstrating Bowen's "A" performance on all prior labs over the course of the semester.

Moreover, defendants Barone, Stephenson, and the Albany Unified School District have intentionally and/or negligently ratified and condoned the hostile educational environment created by Carlock, and an ongoing environment of intimidation and fear

3

Exhibit "B-3"

created by Carlock. Carlock has a widespread reputation for treating students unfairly, and students are allowed to be intimidated and cowed by the belief that she is immune from administrative oversight because of her own threats to sue administration. This ongoing atmosphere of fear and intimidation inhibits students from lodging valid complaints, for fear of precisely the form of retaliation experienced by claimant. Defendants have had prior notice, ratified and condoned this hostile environment by failing to take appropriate action to prevent, mitigate, or otherwise correct this hostile environment. Students taking Carlock's courses are generally the highest performers in the school and Carlock is given credit for their successes. However, this is precisely the student population who are most cowed and fearful of retaliation, and who have the most to lose from retaliatory actions such as those taken in this case, as she appreciates and wields the unrestrained power she holds over their future careers. Claimant is only able to pursue this claim because his family has moved to a different city and enrolled him in a different school district and he is outside the reach of further retaliation. Students remaining at Albany High have no such capacity to pursue, without the implied or express threat of retaliation, similar claims against Carlock.

(d)     *A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.*

The actions complained of herein have proximately caused claimant to sustain severe emotional distress, physical pain and suffering, and severe and continuing damage to claimant's academic reputation and standing, viability as a college applicant, damage to his ability to obtain scholarships for college, and damage to his future earning capacity.

(e)     *The name or names of the public employee or employees causing the injury, damage, or loss, if known.*

Ms. Carlock

Ted Barone

Marla Stephenson

Albany Unified School District

4

Exhibit "B-4"

(f)     *The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case.*

Amount claimed exceeds $10,000, and is not a limited civil case.

Dated: November 29, 2011          Signed: _____

Laureen Bethards, mother and guardian
Of the Minor Bowen Bethards

Exhibit "B-5"



**Albany Unified School District**

C A L I F O R N I A

**1051 Monroe Street**
Albany, CA 94706
510.558.3750  Phone
510.559.6560  Fax
www.ausdk12.org

**District Administration**
Marla Stephenson, *Superintendent*
Laurie Harden, *Assistant Superintendent*

**Board of Education**
Paul Black
Jonathan Knight
Patricia Low
Allan Maris
Ronald Rosenbaum

January 13, 2012

Laureen A. Bethards
P.O. Box 2556
El Cerrito, CA  94530

Re:   Tort Claim Received November 30, 2011

Dear Ms. Bethards:

Notice is hereby given that the tort claim which you presented to the Albany Unified School District ("District") on November 30, 2011 on behalf of your son, Bowen Bethards, was rejected in its entirety on January 12, 2012, by the District's Board of Education.  As such, you are advised of the following:

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim.  (*See* Government Code Section 945.6.)

You may seek the advice of an attorney of your choice in connection with this matter.   If you desire to consult an attorney, you should do so immediately.

Thank you for your attention to this matter.

Sincerely,

Marla Stephenson
Superintendent

MS/jsm

*Excellence in public education  •  Empowering all to achieve their fullest potential*

Exhibit "C"



# Albany High School

Current Student: Bethards, Bowen - Grd 10 - Albany HS
4/26/2011 11:58:50 AM
Page Timeout: 19:53

Home    Student Info    Attendance    Grades    Resources                    Options    Logout

| Details | Gradebook | Term | Pd | Teacher | % | Grade | Missing Assmts | Last Updated | Status |
|---------|-----------|------|----|---------|---|-------|----------------|-------------|--------|
| | | | | Gradebook Summary for Bowen Bethards | | | 4/26/2011 11:58:50 AM | | |
| ⊞ | World History | S | 1 | Lau-Seim | 92.68 | A- | 0 | 04/26/2011 11:58 PM | |
| ⊞ | P.E -2 2nd Sem | Y | 2 | Wanlin D | 83.18 | B | 0 | 04/25/2011 4:00 PM | |
| ⊞ | English 2 | Y | 3 | Sutton | 96.63 | A | 0 | 04/07/2011 12:19 PM | |
| ⊞ | Algebra II | 2010-2011 | 4 | Buck-Bauer | 87.04 | A- | 1 | 04/22/2011 1:06 PM | |
| ⊞ | Spanish 3 | Y | 5 | Kosorek | 90.49 | A- | 0 | 04/24/2011 10:20 PM | |
| ⊞ | Chemistry | S2 | 6 | Carlock | 102.02 | A+ | 0 | 04/19/2011 12:38 PM | |
| **Prior Terms** | | | | | | | | | |
| ⊞ | World History | F | 1 | Lau-Seim | 94.21 | A | 0 | 01/25/2011 9:29 PM | Prior Term Ended 01/21/2011 |
| ⊞ | P.E -2 1st Sem | Y | 2 | Wanlin D | 92.34 | A- | 0 | 01/19/2011 9:59 AM | Prior Term Ended 01/21/2011 |
| ⊞ | English 2 | Y | 3 | Sutton | 90.20 | A- | 0 | 01/24/2011 1:19 PM | Prior Term Ended 01/26/2011 |
| ⊞ | Spanish 3 | Y | 5 | Kosorek | 86.64 | B+ | 0 | 01/25/2011 10:29 PM | Prior Term Ended 01/21/2011 |
| ⊞ | Chemistry | S1 | 6 | Carlock | 94.80 | A | 2 | 01/26/2011 4:29 AM | Prior Term Ended 01/21/2011 |

ABI Version 4.10.11.29    Copyright © 2011 Eagle Software. All rights reserved.

Exhibit "D"



# Albany High School

Current Student: Bethards, Bowen - Grd 11 - Albany HS ▼
**7/21/2011 11:38:19 AM**
**Page Timeout: 39:09**

Home    Student Info    Attendance    Grades    Resources    Options    Logout

Transcripts for Bethards, Bowen                                7/21/2011 11:38:19 AM

### Unofficial Student Transcripts

## Grade 9
### Fall 2009-2010
**Albany High School**

| Crs-ID | Course Title | Repeat | College Prep | Academic | Mark | Credits Atmptd | Credits Cmpltd |
|--------|-------------|--------|--------------|----------|------|----------------|----------------|
| 50CP02 | Biology | | | P | B | | |
| 10CP01 | English 1 | | P | P | A- | 5.00 | 5.00 |
| 00C902 | Geometry (9) | | P | P | A | 5.00 | 5.00 |
| 900012 | Ident/Hlth/Society | | P | | A-1 | 5.00 | 5.00 |
| 800001 | P E -1 | | | N | A+ | 5.00 | 5.00 |
| 40CP02 | Spanish 2 | | | N | A | 5.00 | 5.00 |
| | | | P | | A | 5.00 | 5.00 |

## Grade 9
### Spring 2009-2010
**Albany High School**

| Crs-ID | Course Title | Repeat | College Prep | Academic | Mark | Credits Atmptd | Credits Cmpltd |
|--------|-------------|--------|--------------|----------|------|----------------|----------------|
| 50CP02 | Biology | | | P | A | | |
| 10CP01 | English 1 | | P | P | B+ | 5.00 | 5.00 |
| 00C902 | Geometry (9) | | P | P | A | 5.00 | 5.00 |
| 900012 | Ident/Hlth/Society | | P | | A | 5.00 | 5.00 |
| 800001 | P E -1 | | | N | A | 5.00 | 5.00 |
| 40CP02 | Spanish 2 | | | N | A | 5.00 | 5.00 |
| | | | P | | A | 5.00 | 5.00 |

## Grade 10
### Fall 2010-2011
**Albany High School**

| Crs-ID | Course Title | Repeat | College Prep | Academic | Mark | Credits Atmptd | Credits Cmpltd |
|--------|-------------|--------|--------------|----------|------|----------------|----------------|
| 30CP03 | Algebra II | | P | P | A | | |
| 50CP06 | Chemistry | | P | P | A | 5.00 | 5.00 |
| 10CP02 | English 2 | | P | P | A- | 5.00 | 5.00 |
| 800002 | P E -2 | | | N | A- | 5.00 | 5.00 |
| 40CP21 | Spanish 3 | | P | P | B+ | 5.00 | 5.00 |
| 20CP01 | World History | | | P | A | 5.00 | 5.00 |

## Grade 10
### Spring 2010-2011
**Albany High School**

| Crs-ID | Course Title | Repeat | College Prep | Academic | Mark | Credits Atmptd | Credits Cmpltd |
|--------|-------------|--------|--------------|----------|------|----------------|----------------|
| 30CP03 | Algebra II | | P | P | A | | |
| 50CP06 | Chemistry | | P | P | C+ | 5.00 | 5.00 |
| 10CP02 | English 2 | | P | P | A+ | 5.00 | 5.00 |
| 800002 | P E -2 | | | N | A- | 5.00 | 5.00 |
| 40CP21 | Spanish 3 | | P | P | A- | 5.00 | 5.00 |
| 20CP01 | World History | | P | P | A | 5.00 | 5.00 |

| Academic GPA | | Total GPA | | 10-12 GPA | | Credit | |
|--------------|--------------|-----------|--------------|-----------|--------------|-----------|-----------|
| Weighted | Non-Weighted | Weighted | Non-Weighted | Weighted | Non-Weighted | Attempted | Completed |
| 3.72 | 3.72 | 3.79 | 3.79 | 3.70 | 3.70 | 120 | 120 |

ABI Version 4.11.5.20    Copyright © 2011 Eagle Software. All rights reserved.

Exhibit "E"

# PowerSchool

**Berkeley Unified School District**
**Berkeley High School**

## Grades and Attendance: Bethards, Bowen

**Attendance By Class**

| Exp | Last Week M T W H F | This Week M T W H F | Course | Q1 | Q2 | S1 | Q3 | Q4 | S2 | Absences | Tardies |
|-----|------|------|--------|----|----|----|----|----|----|----------|---------|
| 1(M-F) | | | AC-AP-LangANDCmp(AP) Tammer, Zora | B+ 87.9 | B+ 87.8 | A 87.9 | A 88.6 | A- 91.3 | A 88.6 | 6 | 0 |
| 2(M-F) | | | AC-AP-USHistory (AP) Zolezzi, Timothy | A- 90 | A 94 | A 93 | A 97 | A 94 | A 95 | 5 | 0 |
| 3(M-F) | | | AP-EnvirScience (AP) Sicular-Mertens, Mardi | B 87.8 | A 98.81 | A 93.3 | B 86.08 | A 104.3 | A 94.5 | 4 | 0 |
| 4(M-F) | | | BegPhotography (P) Kersey, Maria | A 95 | A 96 | A 96 | A 95 | A 98 | A 97 | 8 | 3 |
| 5(M-F) | | | Spanish 7/8 (P) Fullerton, Denise | A 104 | A- 92 | A 98 | A 95 | A 93 | A 94 | 8 | 0 |
| 6(M-F) | | | AC-Math Analysis (P) Plonsey, Dan | A 98 | A 97 | A 98 | A 97 | A 101 | A 101 | 9 | 0 |
| 7(W) | | | EnvirScience Lab PM Sicular-Mertens, Mardi | 0 | 0 | 0 | -- | -- | -- | 1 | 0 |
| A(F) | | | Advisory Sicular-Mertens, Mardi | 0 | P 100 | P 100 | -- | -- | P 100 | 0 | 0 |
| **Attendance Totals** | | | | | | | | | | 41 | 3 |

Current Simple GPA (S2): 3.87

Show dropped classes also

**Attendance By Day**

| Last Week M T W H F | This Week M T W H F | Absences S2 YTD | Tardies S2 YTD |
|------|------|------|------|
| | | 0    0 | 0    0 |
| **Attendance Totals** | | **0    0** | **0    0** |

## Legend

**Attendance Codes:** Blank=Present | T=Tardy | UNV=Unverified | LAR=Late Arrival | NS=No Show | ACT=Activity | CUT=Truant | OCS=OCS | ILL=Illness | MED=Medical | SUS=Suspended | HOS=Hospital | UNX=Unexcused | EXC=Excused | COM=Complete | INC=Incomplete | C=Complete- | JUV=In Juvenile Hall |

**Citizenship Codes:** 4=Excellent Habits of Work | 3=Satisfactory Habits of Work | 2=Inconsistent Habits of Work | 1=Habits of Work Need Improvement |

DISCLAIMER: This system is provided as a convenience. Grades and other information provided by this system are not official records and may or may not be accurate. Neither this institution nor Pearson Education, Inc or its affiliates accepts any responsibility for information provided by this system and/or for any damages resulting from information provided by this system. For official grades and student records contact your school.

Copyright© 2005 - 2012 Pearson Education, Inc., or its affiliate(s). All rights reserved.

Exhibit "F"

6/18/2012

< Back >
**Student Assignments**
Bowen Bethards (13805)   Chemistry   Tchr: Carlock   Grd: 10   Pd: 6   Term: S2

9/8/2011 4:04:01 PM

| # | Type | Description | Assigned | Score | Max | Completed | Due | Grading Complt |
|---|------|-------------|----------|-------|-----|-----------|-----|----------------|
| 0 | HW | H-14 16-31 | 3/2/2011 | 4 | 5 | 3/7/2011 | 3/7/2011 | No* |
| 1 | HW | WS Bal Eqns & Predict Prod | 2/3/2011 | 3 | 5 | 2/4/2011 | 2/4/2011 | Yes |
| 2 | HW | H-9 5,7,10,13,16 | 2/3/2011 | 5 | 5 | 2/4/2011 | 2/4/2011 | Yes |
| 3 | HW | H-9 #3,4,12,18-24 even | 2/3/2011 | 5 | 5 | 2/4/2011 | 2/4/2011 | Yes |
| 4 | HW | H-9 6,8,11,15-23odd | 2/3/2011 | 5 | 5 | 2/4/2011 | 2/4/2011 | Yes |
| 5 | HW | WS Stoich,Prac for Novice pg1:1a-f pg2:1-6 & a class problem | 2/1/2011 | 5 | 5 | 2/7/2011 | 2/7/2011 | Yes |
| | | Assignment was fully discussed in class. All problems were presented & solved on the board. Students are allowed to keep assignment to study for the test & Submit on test day. | | | | | | |
| 6 | Test | Stoichiometry Test #1 | 2/4/2011 | 30 | 30 | 2/10/2011 | 2/10/2011 | Yes |
| 7 | HW | L-8 Study Guide | 2/4/2011 | 3 | 3 | 2/14/2011 | 2/14/2011 | Yes |
| | | Notes & examples should be filled in. | | | | | | |
| 8 | HW | L-8 WS Stoich 1-16 | 2/7/2011 | 5 | 5 | 2/14/2011 | 2/14/2011 | Yes |
| | | Follow instructions on problem set. No Math No Credit. Extra Credit: Submit the completed assignment by 2-11-11. | | | | | | |
| 9 | Lab | LR - Design Macro/Micro Melting Point - Draft PreLab | 2/19/2011 | | 0 | 3/3/2011 | 3/3/2011 | No* |
| | | Incorporate ideas from class discussion, lab notes and diagrams when you complete the prelab sections I - V. Don't forget the Data Tables for two separate trials. | | | | | | |
| 10 | HW | L-12 Study Guide and Lecture Notes - math examples and notes completed | 2/14/2011 | 3 | 3 | 2/17/2011 | 2/17/2011 | Yes |
| 13 | HW | H-13 1-20 | 2/16/2011 | 5 | 0 | 2/28/2011 | 2/28/2011 | Yes |
| 15 | HW | L-8 17-21 Stoich Worksheet | 2/9/2011 | | 0 | | 2/16/2011 | Yes |
| 16 | Lab | PreLab - H-7 Magnesium Oxide Production and Empirical Formula | 1/6/2011 | | 0 | | 1/10/2011 | Yes |
| 17 | HW | H-8 20,22,29 | 3/2/2011 | | 0 | | 3/4/2011 | Yes |
| 18 | HW | H-7 1-12,13,15,17 | 3/1/2011 | 5 | 0 | 3/4/2011 | 3/4/2011 | Yes |
| 19 | HW | H-8 12,18,22 | 3/2/2011 | | 0 | | 3/4/2011 | Yes |
| 20 | HW | H-14 16-31 | 3/2/2011 | 4 | 0 | 3/7/2011 | 3/7/2011 | Yes |
| 21 | HW | H-14 1-15,58-64 even | 3/14/2011 | 3 | 5 | 3/15/2011 | 3/15/2011 | Yes |
| 22 | HW | H-8 20,22,44&24 General, Total, Net Ionic Equations. Identify Major & Subcategories. | 3/5/2011 | | 0 | | 3/7/2011 | Yes |
| | | Use the solubility table to complete this 3-step. These are directions that relate to Chp 15, but there are more example equations in H-8. Full answer keys were used to correct mistakes and students re-submitted work 3/17/11. | | | | | | |
| 23 | HW | H-8 29,31, 40,43,45 | 3/7/2011 | 6 | 5 | 3/10/2011 | 3/10/2011 | Yes |
| | | Gen, Total, Net - Assignment deadline was extended. Follow Format - New Steps Again Same as ass't #22 | | | | | | |
| 24 | Lab | Lab Reports Macro/Micromelting Points | 3/7/2011 | 15 | 20 | 3/14/2011 | 3/14/2011 | Yes |
| 26 | HW | Wk Sheet Pract Test Net Rxns | 3/17/2011 | 7 | 10 | 3/18/2011 | 3/18/2011 | Yes |
| 27 | Lab | Lab Expt Metal Oxides | 3/17/2011 | 7 | 10 | 3/18/2011 | 3/18/2011 | Yes |
| 28 | Lab | Lab Report Production Metal Oxides and Bases and the role of an Indicator | 3/14/2011 | 7 | 10 | 3/21/2011 | 3/21/2011 | Yes |
| 30 | HW | L-8 A:1-7 B:8-19 | 3/2/2011 | 5 | 5 | 3/9/2011 | 3/9/2011 | Yes |
| 31 | HW | Prac Test Net Eqns 1-15 | 3/11/2011 | 5 | 0 | 3/18/2011 | 3/18/2011 | Yes |
| 32 | Test | Test Net Rxns & Subcats Additional Problems Net Ionic Equations | 3/7/2011 | 103 | 110 | 3/18/2011 | 3/18/2011 | Yes |
| | | Balance Net Ionic Reactions – Reminder We will do a retake on this test and that can improve your 3rd quarter grade. Those who earned an A do NOT have to take it. | | | | | | |
| 33 | HW | WS-10 Moles | 3/17/2011 | 5 | 5 | 3/24/2011 | 3/24/2011 | Yes |
| 34 | HW | WS-11 Stoich | 3/17/2011 | 5 | 5 | 3/29/2011 | 3/29/2011 | Yes |
| 35 | HW | WS % Comp of Hydrates | 3/22/2011 | 5 | 5 | 3/29/2011 | 3/29/2011 | Yes |
| | | 3/3 -> 5/5 | | | | | | |
| 36 | HW | WS Freezing - Boiling Point Graph | 3/22/2011 | 3 | 3 | 3/29/2011 | 3/29/2011 | Yes |
| 37 | HW | WS Physical vs. Chem Properties | 3/22/2011 | 3 | 3 | 3/29/2011 | 3/29/2011 | Yes |
| 38 | HW | WS Potential Energy Diagram | 3/22/2011 | | 0 | | 3/29/2011 | Yes |
| 39 | HW | WS Ionic Bonding | 3/22/2011 | 3 | 3 | 3/29/2011 | 3/29/2011 | Yes |
| 41 | HW | Configurations # 2-36 PC Even Atoms/Ions | 4/5/2011 | 4 | 5 | 4/20/2011 | 4/20/2011 | Yes |

Exhibit "G-1"

9/8/2011 4:01 PM

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 42 HW | Practice Quiz e- Config #8 O | 4/18/2011 | 3 | 5 | 4/20/2011 | 4/20/2011 | Yes |
| 52 HW | H-14 #57-67 odd 75,77 | 4/26/2011 | 4 | 5 | 5/2/2011 | 5/2/2011 | Yes |
| 53 HW | H-18 #1-30 | 4/26/2011 | 5 | 5 | 5/3/2011 | 5/3/2011 | Yes |
| 54 HW | H-18 #31-47 odd | 4/26/2011 | 5 | 5 | 5/5/2011 | 5/5/2011 | Yes |
| 55 HW | STAR 1-36 | 5/9/2011 | 5 | 5 | 5/10/2011 | 5/10/2011 | Yes |
| 56 HW | STAR 37-75 | 5/9/2011 | 5 | 5 | 5/10/2011 | 5/10/2011 | Yes |
| 57 HW | STAR XC 40 | 5/9/2011 | 5 | 0 | 5/10/2011 | 5/10/2011 | Yes |
| 58 HW | XC e- config chart | 5/9/2011 | | 0 | | 5/16/2011 | Yes |
| 59 Lab | LR H-5 Hydrates | 5/11/2011 | 19 | 36 | 5/18/2011 | 5/18/2011 | Yes |
| 60 HW | Mini PC Review | 5/6/2011 | | 5 | | 5/10/2011 | Yes |
| 61 Test | Quantum Theory — e- Config | 5/16/2011 | 42 | 54 | 5/24/2011 | 5/24/2011 | Yes |
| 62 HW | XC OChem Lessons | 5/30/2011 | | 0 | | 6/3/2011 | Yes |
| 63 Test | RETAKE Net Ionic Rxnsl | 5/16/2011 | 79 | 84 | 5/31/2011 | 5/31/2011 | Yes |
| 64 Lab | LR Titration KHP | 5/12/2011 | 0 | 30 | 5/26/2011 | 5/26/2011 | Yes |
| 66 Lab | LR Sequential Distillation – A and B Separate | 5/25/2011 | 0 | 90 | 5/31/2011 | 5/31/2011 | Yes |
| 67 HW | XC Lab Work, TA & tutoring | 5/16/2011 | | 0 | | 6/3/2011 | Yes |
| 68 Test | VSEPR XC 1-20 | 5/17/2011 | 10 | 0 | 5/24/2011 | 5/24/2011 | Yes |
| 69 HW | XC H-19 2,4,7-13,15,16 | 6/2/2011 | | 0 | | 6/9/2011 | Yes |
| 70 Test | Final Exam | 6/7/2011 | 121 | 167 | 6/7/2011 | 6/7/2011 | Yes |

| Type | Points | Max | Perc | Mark |
|---|---|---|---|---|
| HW | 134.00 | 125 | 107.20 | A+ |
| Lab | 48.00 | 196 | 24.48 | F |
| Test | 385.00 | 445 | 86.51 | B |
| **Total**\*\* | **567.00** | **766** | **74.02** | **C** |

*Assignments are not counted until graded.   ** Total based upon Total Points
Totals based upon Assignments 1 - 999

Exhibit "G-2"

**LAUREEN A. BETHARDS**
P. O. Box 2556
El Cerrito, CA 94530
Telephone: (510) 525-1001
Email: bethards1@comcast.net

August 11, 2011

MARLA STEPHENSON
SUPERINTENDENT
ALBANY UNIFIED SCHOOL DISTRICT
1051 Monroe St.
Albany, CA 94706
mstephenson@ausdk12.org

Re:  **Bowen Bethards**
**D.O.B.: 01/19/1995**

Dear Ms. Stephenson,

As you are aware, a dispute arose involving my son, Bowen Bethards, and the Albany High School. Attached hereto are emails which were exchanged regarding this incident between myself and Mr. Barone. I will not repeat all of the pertinent facts here, but some of the salient facts are as follows:

On May 27, 2011, with one week left of class, Bowen had a 106%, or numerically, an "A+," in Chemistry.  That "A+" included his grade for all labs for the **semester** up to that point. These facts will be well preserved and documented by accessing historical documents and recordings on the Aeries computer system.

On May 27, 2011, Bowen had an excused absence, and missed a 1 hour lab. He cleared that absence with his teacher, Ms. Carlock, prior to that date. Ms. Carlock told him that making up the lab would not be a problem. I also called the school per the school's policy on the 27th advising them of intended excused absence.

Bowen went to Ms. Carlock the next school day, Tuesday, May 31, 2011, during the lunch break, to make arrangements to make up the missed lab had been previously discussed with Ms. Carlock. At that time, Ms. Carlock informed Bowen that she was going to fail him in that she was not going to allow him to make up the lab.

Bowen came home so shaken he was physically and emotionally sick.  Never has Bowen **asked** me to intervene at school; however, he felt so unable to deal with the emotional and physical trauma of the incident that he asked me to help him.

Exhibit "H-1"

Ms. Stephenson
August 11, 2011
page 2

Bowen was scheduled to take his chemistry final exam the next day. I cannot describe for you what I went through watching my son emotionally destroyed by this teacher the day before taking that exam. Her behavior *at that particular time given the particular vulnerability of students immediately before their exams* was inexcusable. I had watched Bowen work every night, weekend day, and holiday to maintain an A average overall. I was appropriately outraged that she would threaten my child with failing at any time, but particularly right before the final examination.

I placed calls to the teacher, a female vice principal, and the principal, Mr. Barone. I asked to meet *immediately* with administration regarding this incident. I knew that Bowen had been devastated, and in his then state, I knew he would be unable to take his exam. No one returned my calls.

Toward the end of the work day, I went to Albany High. I met with the female Vice Principal. When I expressed to her the urgency of the situation and the emotional harm this incident had caused my son, she told me his emotional well being was my job. I expressed my opinion that her behavior was patronizing, and not the behavior of someone who was genuinely concerned about Bowen's well being, and she promptly threatened to have me expelled by security.

I immediately left her office and walked over to Mr. Barone's office. Mr. Barone was in, and seemed genuinely concerned. He assured me that Ms. Carlock would have to allow Bowen to make up the lab, and I left.

Bowen met with Ms. Carlock the following day to take his final examination. When she had Bowen alone, she let him know that administration was there to protect her, not him. She appeared to Bowen to be gloating over the fact that his mom had been threatened with security. She also said she had previously thought he was nice, but knew that it had to be him that unleashed his mother on her. Bowen came home devastated yet again, only this time he begged me not to talk to anyone at the school as he desperately feared retaliation.

I went to Mr. Barone the following morning and told him what Bowen had told me. I was leaving the country, but wanted to make him aware of what had happened. Previously, Mr. Barone had told me that Ms. Carlock had brushed Bowen off about making up the lab because he had interrupted her seventh period class while she was teaching. I pointed out to him that Ms. Carlock had no seventh period class, and in fact, Bowen had gone to her over the lunch hour. He had no explanation for this discrepancy,

Exhibit "H-2"

Ms. Stephenson
August 11, 2011
page 3

although he did acknowledge that she had no seventh period class.

I was scheduled to leave the country the following day, and was overseas when I saw that Ms. Carlock had made good on her threat to Bowen and *failed* him in labs for the *semester* and *failed* him on his final exam, dragging his A+ down to a C+.

I immediately contacted Mr. Barone requesting access to Bowen's entire academic record, history, and any and all documents substantiating my son's meteoric academic demise. My written requests are documented in the attached email records. At no time have I been provided with any documentation as requested.

By now, Mr. Barone's demeanor had changed, and he appeared to be ratifying Ms. Carlock's conduct. He suggested that Bowen should be content with his C+, and suggested that I had misstated the fact that she *failed* Bowen. My email correctly pointed out that Ms. Carlock had *failed* Bowen for the *semester* for labs (which represented 25% of his grade), not just for the missed lab, and *failed* him on his final examination. She could not alter his homework grade as there was no further homework due in the class. Nor could she alter his previous test grades. That she could only drag his grade down to a C+ was no comfort for someone who deserved better, and if Bowen in fact failed his final examination, of which I have no proof, it is no measure of him or his ability, but is a measure of the extreme emotional distress Ms. Carlock's actions were causing him.

It appears Ms. Carlock's rationale for failing Bowen in labs for the semester, as documented in the attached emails, was that he "generally did not avail himself of" the opportunity to make up the one missing lab. This whole incident occurred because of Bowen's desire to make up the missing lab. Bowen's entire academic record speaks for itself, and will be decisive, I am sure, to any trier of fact seeking to find the truth.

Bowen never was given an opportunity to make up the lab. Instead, Ms. Carlock suggested that he grade papers as an alternative. Even though the California Education and Labor Codes do not authorize unpaid labor in exchange for educational opportunity, Bowen attempted to grade papers as Ms. Carlock wanted. Ms. Carlock was unprepared and unable to meet with Bowen at their scheduled times, and had not prepared the matrixes necessary to perform any grading. As a result, Bowen was unable, despite his best efforts, to complete the grading.

This entire affair makes our family sick. Any educational system which can destroy a student's entire academic standing over one excused absence goes beyond the

Exhibit "H-3"

Ms. Stephenson
August 11, 2011
page 4

absurd. At this point, administration has proven to be exactly that which was gloated over, namely designed to protect the teacher, not the student. Administration's failure to rectify this situation is ratification of her conduct. From my initial inquiries, it is becoming clear to me that Bowen is not the first student who has suffered at Ms. Carlock's hands, and administration has had ample prior notice of the problems she presents to students like Bowen who are too nice, or too afraid of retaliation, to stand up for themselves.

I made a simple request. Provide Bowen with an opportunity to make up the lab, and have a neutral party administer a final examination in a non-threatening, non-hostile environment. Administrations response to these reasonable requests are well documented in the attached email communications.

I do not know exactly what processes your office has, but I am again requesting immediate access to Bowen's entire academic history, records, and any and all documents substantiating his chemistry grade. I am also requesting a neutral hearing panel be appointed pursuant to Education Code section 49071.

Additionally, I am requesting that this matter be placed on the Board's agenda so that I might address the Board. Bowen is certainly among the brightest and the best of students, not only for his grades, but because of his *character*, which was acknowledged by this District when it gave him the highest honor attainable, namely, a citizenship award.

The disparity in power between pupil and teacher is enormous. The Board should have a deep understanding of the kids being targeted at Albany *precisely because* of their success. Had Bowen not had within his grasp the ability to attain the GPA he needs to get into UCLA, as is his dream, Ms. Carlock would not have had the power she did over him, nor would she be able to destroy him so effectively. Ms. Carlock may be a lot of things, but she is certainly no dummy. She knows what she did to my son, and so should the Board.

Very truly yours,

Laureen Bethards

Exhibit "H-4"



**Albany
Unified
School
District**

C A L I F O R N I A

**1051 Monroe Street**
**Albany, CA 94706**
510.558.3750  Phone
510.559.6560  Fax
www.ausdk12.org

**District Administration**
Marla Stephenson, *Superintendent*
Laurie Harden, *Assistant Superintendent*

**Board of Education**
Paul Black
Jonathan Knight
Patricia Low
Allan Maris
Ronald Rosenbaum

August 22, 2011

Laureen A. Bethards
P.O. Box 2556
El Cerrito, CA  94530

Re:  Bowen Bethards

Dear Ms. Bethards:

I am in receipt of your letter dated August 11, 2011 and respond as follows:

1.  Documents substantiating the grade in question have been requested from Albany
    High School, an evaluation will be conducted by this office, and a response will be
    provided to you no later than September 2, 2011.

2.  As per your request, student records will be made available in the Albany High
    School Counseling office for your review, and copies will be provided at the cost of 10
    cents per page.

3.  The reference to the Neutral Hearing Panel in *California Education Code Section
    49071* states that this process *may* be used.

4.  Please review *California Education Code Section 49070* which outlines the process
    for the Albany Unified School District Board of Education to respond to this matter.

Sincerely,

Marla Stephenson

Marla Stephenson
Superintendent

MS/jsm

*Excellence in public education  •  Empowering all to achieve their fullest potential*

Exhibit "I"



**Albany Unified School District**

CALIFORNIA

1051 Monroe Street
Albany, CA 94706
510.558.3750 Phone
510.559.6560 Fax
www.ausdk12.org

**District Administration**
Marla Stephenson, *Superintendent*
Laurie Harden, *Assistant Superintendent*

**Board of Education**
Paul Black
Jonathan Knight
Patricia Low
Allan Maris
Ronald Rosenbaum

October 7, 2011

Laureen A. Bethards
P.O. Box 2556
El Cerrito, CA 94530

Re: Bowen Bethards

Dear Ms. Bethards,

On August 11, 2011, I received your request for Bowen Bethards to return to Albany High School and be able to make up a Chemistry lab that was due in the prior school year (2010-11). I am denying that request.

On August 11, 2011, you also requested that Bowen be allowed to retake his prior year (2010-11) Chemistry final in a "non-hostile" environment. I am denying that request.

My rationale for the denial is that it gives unfair advantage for one student to make up credit missed in a prior year and re-take a final exam that is given only once to all other students.

On August 22, 2011, you challenged Bowen's final Chemistry grade and asked for a hearing of the Board of Education. Pursuant to California Education Code 49070, I have conducted an investigation of the matter. I have met with Dr. Carlock, I have received her grade book, and I have received her explanation of the sequence of events that led to Bowen's final Chemistry grade.

Although, I have asked that you present Bowen for an interview on multiple occasions, to this date you have failed to do so. Therefore, I must consider the accusations that you have made against Dr. Carlock as hearsay, since I have not been able to interview Bowen who has the firsthand information about the sequence of events that led to your complaint. As a result, I have not been able to substantiate any claim that you have made.

Please call my office at (510) 558-3766 to make an appointment for you and Bowen to meet with me so that I can finalize my investigation.

Sincerely,

Marla Stephenson
Superintendent

MS/jsm

*Excellence in public education  •  Empowering all to achieve their fullest potential*

Exhibit "J"

**LAUREEN A. BETHARDS**
P. O. Box 2556
El Cerrito, CA 94530
Telephone: (510) 525-1001
Email: bethards1@comcast.net

RECEIVED NOV 28 2011

November 28, 2011

Attn: School Board
ALBANY UNIFIED SCHOOL DISTRICT
1051 Monroe St.
Albany, CA 94706
mstephenson@ausdk12.org

> Re:   ***Bowen Bethards***
> ***D.O.B.: 01/19/1995***

Dear Sirs/Madam,

Attached please find documents in support of Bowen Bethards' Notice of Intent To Appeal filed November 7, 2011, including his grade report, attendance sheet, Ms. Carlock's grade book as of 9/8/2011, correspondence between Ms. Stephenson and myself, and correspondence between Mr. Barone and myself.

At this point, the school's persistent refusal to either delete the points missed on May 27, 2011 from Bowen's grade calculation or allow him to make up the missed class are in violation of Education Code section 48205.

We are asking this Board to enforce the requirements of section 48205 of the Education Code and change Bowen's grade. Education Code sections 49070 authorizes the Board to take such action. Section 49071 also authorizes the Board to empanel a hearing panel to evaluate the issue.

I appreciate your attention to this matter.

Very truly yours,

Laureen Bethards

Exhibit "K"

| From: | Laureen Bethards |
|---|---|
| To: | "Marla Stephenson" |
| Subject: | RE: Final not found |
| Date: | Tuesday, February 14, 2012 11:49:00 AM |

Is the corrected transcript available for pickup? I also need a certified copy of Bowen's Casee (sp?) exam results. Thank you Laureen Bethards

**From:** Marla Stephenson [mailto:mstephenson@ausdk12.org]
**Sent:** Monday, February 06, 2012 3:07 PM
**To:** Laureen Bethards
**Subject:** Re: Final not found

Hi Laureen,

I can deliver on what Dr. Carlock offered. I'll check to see if I do more.

Marla Stephenson
Superintendent
Albany Unified School District
510 558-3766
www.ausdk12.org

**From:** "Laureen Bethards" <bethards1@comcast.net>
**To:** "Marla Stephenson" <mstephenson@ausdk12.org>
**Sent:** Saturday, February 4, 2012 4:28:26 PM
**Subject:** RE: Final not found

Dear Ms. Stephenson,

I appreciate your work to help resolve the problem created by Ms. Carlock's bizarre and vicious conduct. However, I need to make it absolutely clear that the grade that Bowen EARNED is an "A". Any grade less than an "A" steals from him what he earned. Any grade less than he earned threatens his ability to be achieve the dream that he has held since as long as I can remember - going to UCLA.

I will write any so-called excuse letter you ask. I will do this because my son's well being is at stake. The promise of a "B" if I write the letter makes it worth doing. It is like paying a ransom with my son held hostage. The grade stolen was an "A". First he was given an "F" (in labs and on the final). Then his final grade changed to a "C," and an overall semester

Exhibit "L-1"

grade of a "C+" given. Now with my letter Bowen is promised a "B".

Therefore, attached to this letter is the short note you requested in order that my son's future not be destroyed. This letter meets your requirement in that it explain Bowen's June 3rd and June 10th absences so as to finalize the promised adjustment of his chemistry grade from a "C+" to a "B." These absences were supposed to have been excused at the time they occurred in June. I have provided the note even though we both know that these absences have nothing to do with Bowen's chemistry grade, and that this belated "excusing" of absences is a way for Ms. Carlock and the District to minimize their liability for the damages indicated in Bowen's government claim without admitting fault.

In our recent meeting you commented that you could not understand why Ms. Carlock had not suggested "excusing" Bowen's absences during your initial interview with her in August. I appreciate the honesty of that comment and it suggested to me that you do want to protect Bowen's future. Thank you for that.

Even though I am providing the requested note, I take exception to the use of the language "make up days." Ms. Carlock did not provide a makeup for the May 27th missed lab. Bowen spent time with Ms. Carlock trying to "makeup" the lab by grading papers, and was prevented from doing so by Ms. Carlock's failure to provide a matrix for grading.

While adjusting Bowen's grade to a "B" is a step in the right direction, we both know that Bowen earned an "A+" in Chemistry. I have been requesting Bowen's final examination paperwork in writing since June 2011. I now understand from your email that it can not be located. Without that examination, it is reasonable to believe that Bowen's examination grade was randomly assigned. Having failed to produce the examination, we hereby demand that the final examination grade be deleted from the grade book, and that Bowen's 106% "A+" grade as of May 27, 2011 be restored.

Thank you for your attention to this matter. Laureen Bethards (510) 525-1001

---

**From:** Marla Stephenson [mailto:mstephenson@ausdk12.org]
**Sent:** Tuesday, January 31, 2012 10:54 PM
**To:** Laureen Bethards
**Subject:** Re: Final not found

Yes, that's what the subject heading means. Do you want me to pull the absence dates?

I

Sent from my iPad

On Jan 31, 2012, at 7:01 PM, "Laureen Bethards" <bethards1@comcast.net> wrote:

> I am not really clear what absence she is referring to. And does the subject heading
> mean that the final was not found? Laureen Bethards

---

> **From:** Marla Stephenson [mailto:mstephenson@ausdk12.org]
> **Sent:** Tuesday, January 31, 2012 6:25 PM

Exhibit "L-2"

**To:** Laureen Bethards
**Subject:** Final not found

Hi Laureen,

According to Dr. Carlock the following two things must happen:

• Mom and Administration have to excuse the absences for the makeup day(s) during final exam week,
*(I will excuse the absences on the Administration side of things)*

• Mom has to write a short note, about Bowen's/the family's extenuating circumstances/situation, that would permit me to exempt the work.

Please email me a note that excuses Bowen from his absences and write me something about the reason for his absence.

I will then take them over to Dr. Carlock and have her change Bowen's grade to a B as she said she would. Give me a few days then get his new transcript from the counseling office.

Thanks,


Marla Stephenson
Superintendent
Albany Unified School District

Exhibit "L-3"

510 558-3766
www.ausdk12.org

Exhibit "L-4"